ite Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2390 | **DATE** | 9/8/2004 |
| **CASE TITLE** | INDEMNITY INSURANCE CO. V. MELTON TRUCK LINES, INC., ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants motion to dismiss is granted. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | SEP 2 0 2004 date docketed | 13 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | JXM docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2004 SEP 15 PM 8:26 | | |
| DW | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

INDEMNITY INSURANCE COMPANY
OF NORTH AMERICA,

    Plaintiff,

v.

MELTON TRUCK LINES, INC. and GULF
INSURANCE COMPANY,

    Defendants.

No. 04 C 2390
Judge James B. Zagel

**DOCKETED**
SEP 2 0 2004

## MEMORANDUM OPINION AND ORDER

    Defendant Melton Truck Lines, Inc. ("Melton") is an interstate trucking company based in Oklahoma. Defendant Gulf Insurance Company ("Gulf") provides Melton with its primary motor carrier indemnity insurance in the amount of $4,950,000. Plaintiff Indemnity Insurance Company of North America ("IICNA") provides Melton's secondary insurance with a limit of $25,000,000.

    In February 2003, one of Melton's trucks covered by the Gulf and IICNA policies was involved in a collision. A lawsuit ensued, and, on November 14, 2003, a judgment was entered against Melton in the amount of $14,650,000. Melton has subsequently appealed. While Gulf has acknowledged that its policy covers part of the judgment, IICNA has denied coverage, alleging that Melton violated the notice conditions of the IICNA policy.

    On March 30, 2004, Melton filed a declaratory judgment action against IICNA in the Federal District Court for the Northern District of Oklahoma (the "Oklahoma Action"). In the Oklahoma Action, Melton alleged that it had complied with all conditions precedent under the



IICNA policy and asked the court to find that the IICNA policy provides coverage for the $14,650,000 judgment, in excess of Gulf's policy.

IICNA was served with the Oklahoma Complaint on March 31, 2004. One day later, on April 1, 2004, IICNA filed this lawsuit against Melton and its primary insurer, Gulf, seeking a declaration from this court that IICNA did not provide coverage to Melton for the claim at issue. The complaint filed in the Oklahoma Action is similar to the complaint filed in this court in all respects. In both, the parties are asking a determination as to Melton's compliance with IICNA's policies and IICNA's liability pursuant to that policy. IICNA argues that the actions are substantially different because this action has an added and, in IICNA's opinion, necessary party, Gulf. However, I do not think this is a substantial difference. In its complaint here, IICNA makes no substantive allegations of fact involving Gulf and seeks no monetary relief from Gulf. To the extent that IICNA does feel Gulf is a necessary party, Gulf could easily be joined in the Oklahoma Action.

In general, federal courts have held that when multiple actions involving the same controversy are filed, the action that was filed first is the one that should proceed. *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180 (1952). "The first-filed rule gives priority to the party who first establishes jurisdiction in order to conserve judicial resources and avoid conflicting rulings." *Illinois Blower, Inc. v. Deltak, LLC*, No. 04 C 0341, 2204 U.S. Dist. LEXIS 5838 at *6 (N.D. Ill. Apr. 7, 2004) (citations omitted). Despite the administrative efficiency and certainty of a rigid "first-to-file" rule, courts in this district and in others have recognized that circumstances may render the general rule inapplicable. *Fed. Signal Corp. v. Pub. Safety Equip., Inc.*, No. 91 C 0493, 1991 U.S. Dist. LEXIS 9437 at *5-6 (N.D. Ill. July 10, 1991).

As IICNA points out, one such circumstance occurs when the first suit is a declaratory judgment action filed in anticipation of an action on the merits. *Id.* Such preemptive litigation strikes can be used as a means of forum shopping and are a proper basis for departing from the first to file rule. *Id.* at *8. (citations omitted). But, looking at the events leading up to Melton's filing of the Oklahoma Action, I see no indication that Melton's motive for filing the suit was improper. In fact, Melton waited nearly four months after IICNA denied its claim before filing suit. Since I see no evidence of forum shopping in this case, I am, pursuant to my discretion, dismissing the case before me for reasons of judicial economy.

For these reasons, Melton's Motion to Dismiss is GRANTED.

ENTER:

James B. Zagel
United States District Judge

DATE: 8 Sep 2004

3